# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH TRAVIS FARMER,<br><br>    Defendant. | Case No. CR-12-086-RAW |

## ORDER

Before the court is Defendant's motion in limine regarding the Government's notice to admit Fed. R. Evid. 404(b) evidence [Docket No. 37]. At the pretrial conference on December 19, 2012, the court heard arguments from the Government and Defendant regarding the Government's notice of intent to admit evidence of other crimes, wrongs or acts. The court did not rule on the admissibility of the Fed. R. Evid. 404(b) evidence at that time, but instead allowed the parties to file additional briefing no later than December 28, 2012.

Under Rule 404(b), evidence of other acts is not admissible to show proof of a defendant's bad character or general propensity to commit crime. United States v. Moran, 503 F.3d 1135, 1143 (10th Cir. 2007). Rule 404(b) evidence may, however, be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Rule 404(b) evidence may be admitted if: (1) the evidence is proffered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court, upon request,

instructs the jury that the evidence is to be considered only for the proper purpose for which it was admitted.  Huddleston v. United States, 485 U.S. 681, 691-92 (1988).

Defendant has been accused in this case of possession of a firearm after a former conviction of a felony in violation of 18 U.S.C. § 922(g)(1).  On or about June 27, 2012, an officer stopped a vehicle on Interstate 40 that was driven by Defendant.  Defendant's girlfriend was a passenger in the car.  The officer at some point requested and gained permission to search the vehicle.  A firearm was found underneath the driver's seat.  Defendant is expected to argue that he did not knowingly possess the firearm.

The Government has announced its intention to introduce evidence that Defendant possessed a gun on May 20, 2009 and again on September 30, 2010.  In 2009, during a "Terry pat," officers found a loaded handgun in Defendant's waistband.  In 2010, officers entered Defendant's hotel room and observed a loaded firearm on the bed.  Defendant was the only person in the room.  The Government intends to use this evidence to establish that Defendant had the knowledge and intent to possess the firearm in the case now before the court and that he possessed the firearm absent mistake or accident.

Like this case, in Moran, the defendant was charged with being a felon in possession of a firearm.  Mr. Moran argued that he did not knowingly possess the firearm.  The district court allowed the Government to present evidence of a prior conviction for felon in possession of a firearm to show knowledge, intent, and absence of mistake or accident.  The Tenth Circuit later stated that "[b]ecause the prior conviction required the same knowledge, evidence of the conviction had a 'tendency to make the existence of' Mr. Moran's knowledge of the rifle in the present case 'more probable . . . than it would be without the evidence.'" Moran, 503 F.3d at

1144.  "In other words, the fact that Mr. Moran *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."  Id.

The Tenth Circuit found in Moran that the Government presented the evidence for a proper purpose, that the evidence was relevant, and that the potential prejudice to Mr. Moran did not outweigh the probative value of the evidence.  The Court also noted that "when other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has 'the potential impermissible side effect of allowing the jury to infer criminal propensity.'" Id. at 1145 (citing United States v. Cherry, 433 F.3d 698, 701 n.3 (10th Cir. 2005).  In fact, "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition."  Id. (citing United States v. Tan, 254 F.3d 1204, 1208) (10th Cir. 2001).  See also United States v. Davis, 636 F.3d 1281, 1298 (10th Cir. 2011).

Defendant argues that the Government does not have a proper purpose for introducing the Rule 404(b) evidence, that it is not relevant, and that the potential prejudice to Defendant is substantially outweighed by the probative value.  He argues that Rule 404(b) evidence should be excluded based on the differences between the case now before the court and the previous incidents.  He argues that both the 2009 and 2010 incidents involved clear evidence that he knowingly possessed the gun, whereas in the case now before the court, the gun was found hidden in a neutral location not in his exclusive control.  Further, Defendant disavowed knowledge of the gun in this case.

The court is not convinced by Defendant's arguments.  The charges here are exactly the same as the charges in 2009 and 2010.  The charges are also close in time.  The fact that

1144.  "In other words, the fact that Mr. Moran *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."  Id.

The Tenth Circuit found in Moran that the Government presented the evidence for a proper purpose, that the evidence was relevant, and that the potential prejudice to Mr. Moran did not outweigh the probative value of the evidence.  The Court also noted that "when other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has 'the potential impermissible side effect of allowing the jury to infer criminal propensity.'" Id. at 1145 (citing United States v. Cherry, 433 F.3d 698, 701 n.3 (10th Cir. 2005).  In fact, "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition."  Id. (citing United States v. Tan, 254 F.3d 1204, 1208) (10th Cir. 2001).  See also United States v. Davis, 636 F.3d 1281, 1298 (10th Cir. 2011).

Defendant argues that the Government does not have a proper purpose for introducing the Rule 404(b) evidence, that it is not relevant, and that the potential prejudice to Defendant is substantially outweighed by the probative value.  He argues that Rule 404(b) evidence should be excluded based on the differences between the case now before the court and the previous incidents.  He argues that both the 2009 and 2010 incidents involved clear evidence that he knowingly possessed the gun, whereas in the case now before the court, the gun was found hidden in a neutral location not in his exclusive control.  Further, Defendant disavowed knowledge of the gun in this case.

The court is not convinced by Defendant's arguments.  The charges here are exactly the same as the charges in 2009 and 2010.  The charges are also close in time.  The fact that

1144.  "In other words, the fact that Mr. Moran *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."  Id.

The Tenth Circuit found in Moran that the Government presented the evidence for a proper purpose, that the evidence was relevant, and that the potential prejudice to Mr. Moran did not outweigh the probative value of the evidence.  The Court also noted that "when other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has 'the potential impermissible side effect of allowing the jury to infer criminal propensity.'" Id. at 1145 (citing United States v. Cherry, 433 F.3d 698, 701 n.3 (10th Cir. 2005).  In fact, "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition."  Id. (citing United States v. Tan, 254 F.3d 1204, 1208) (10th Cir. 2001).  See also United States v. Davis, 636 F.3d 1281, 1298 (10th Cir. 2011).

Defendant argues that the Government does not have a proper purpose for introducing the Rule 404(b) evidence, that it is not relevant, and that the potential prejudice to Defendant is substantially outweighed by the probative value.  He argues that Rule 404(b) evidence should be excluded based on the differences between the case now before the court and the previous incidents.  He argues that both the 2009 and 2010 incidents involved clear evidence that he knowingly possessed the gun, whereas in the case now before the court, the gun was found hidden in a neutral location not in his exclusive control.  Further, Defendant disavowed knowledge of the gun in this case.

The court is not convinced by Defendant's arguments.  The charges here are exactly the same as the charges in 2009 and 2010.  The charges are also close in time.  The fact that

Defendant was caught with a gun on his person in 2009 and with a gun laying on the bed in his hotel room in 2010 as opposed to having it hidden under the his car seat here does not render the evidence inadmissible. Additionally, the fact that he did not or could not disavow knowledge in 2009 and 2010, but does here does not render the evidence inadmissible. The court notes that a reasonable inference could be drawn that after two convictions for being a felon in possession of a firearm, Defendant learned to hide his gun and disavow knowledge of it.

In any event, the differences Defendant mentions do not render the evidence inadmissible. The Government intends to use the Rule 404(b) evidence to establish that Defendant had the knowledge and intent to possess the firearm and that he possessed the firearm absent mistake or accident. The prior incidents required the same knowledge; thus, evidence of those incidents has "a 'tendency to make the existence of' [Defendant's] knowledge of the [firearm] in the present case 'more probable . . . than it would be without the evidence.'" Moran, 503 F.3d at 1144.

The Rule 404(b) evidence is offered for a proper purpose. The evidence is relevant. The court further finds that the potential prejudice to Defendant does not outweigh the probative value of the evidence. Accordingly, Defendant's motion [Docket No. 37] is DENIED. If the Defendant requests it, the court will give a limiting instruction to the jury as to the Rule 404(b) evidence.

It is so ORDERED this 2nd day of January, 2013.

**Dated this 2nd day of January, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma