# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSEPH TRAVIS FARMER,

      Defendant.

Case No. CR-12-086-RAW

## ORDER

Before the court is Defendant's motion for reconsideration of this court's ruling on his motion to suppress [Docket No. 41]. Defendant argues that although he forfeited his Fourth Amendment challenge to the evidence and pled guilty both in 2009 and 2010, he has a right to advance that challenge here.

The Tenth Circuit has held that the exclusionary rule applies where "the alleged unlawfully obtained evidence is being used to prove an essential element of a charged offense–at least where there is some nexus between the initial search and seizure and the subsequent charged offense." United States v. Hill, 60 F.3d 672, 677 (10th Cir. 1995). In Hill, there was a sufficient nexus because "the very officers who conducted the earlier criminal investigation . . . were called upon to testify about that drug involvement in order to obtain a drug conviction against the same defendant for conduct that occurred within just a few months of their initial investigations." Id. at 680. The Tenth Circuit then stated: "All of this is a close enough nexus to convince us that the ultimate use of this evidence fell within the officers' zone of primary interest at the time these searches and seizures occurred." Id.

The Hill Court acknowledged that the nexus is not sufficient when the use of the allegedly illegally seized evidence falls "outside the offending officer's zone of primary interest." Id. at 679. That Court also distinguished United States v. Lopez-Martinez, 725 F.2d 471 (9th Cir. 1984), as the evidence at issue in that case was obtained eight years earlier, concerned a different drug, and was thus "too attenuated to serve any deterrent effort by invoking the exclusionary rule." Id. at 680.

In Hill, the evidence at issue was obtained approximately three and fourteen months earlier. Here, the evidence at issue was obtained approximately twenty-one and thirty-seven months earlier. The court believes that if the Government intends to call upon the very officers who discovered Defendant in possession of the earlier firearms to testify about those incidents to obtain a felon in possession of a firearm conviction against him now, a sufficient nexus may exist.

Nevertheless, the facts here are distinguishable from those in Hill. Defendant entered a plea of guilty to the 2009 and 2010 offenses. In Hill, the defendant was never charged with the offenses and so never had an opportunity to challenge the evidence. Here, Defendant had an opportunity to challenge the evidence, but instead chose to plead guilty to the charges against him.

> A guilty plea . . . is an event of signal significance in a criminal proceeding. By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers . . . . While a guilty plea may be tactically advantageous for the defendant, . . . the plea is not simply a strategic choice; it is "itself a conviction," . . . and the high stakes for the defendant require "the utmost solicitude," . . . .

Florida v. Nixon, 543 U.S. 175, 187 (2004).

Defendant next argues that because state and federal courts are sovereign his state court waiver does not apply in federal court. Separate sovereignty does not negate his waiver. He also argues that he did not intentionally relinquish his rights, as he "could not have knowingly waived the right to challenge the introduction of evidence nearly three years later." Defendant's argument fails; he did intentionally relinquish his rights. He waived the right to a trial on the charges of being a felon in possession of a firearm in 2009 and 2010. Defendant's guilty plea is "itself a conviction." Id. Defendant's motion [Docket No. 41] is DENIED.

It is so ORDERED this 4th day of January, 2013.


**Dated this 4th day of January, 2013.**




_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma