# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH TRAVIS FARMER,

        Defendant.

Case No. CR-12-086-RAW

## ORDER

Before the court is Defendant's motion for new trial [Docket No. 69]. Defendant was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

Defendant argues that the prosecutor committed reversible misconduct by making many improper arguments during his closing and rebuttal that cumulatively bolstered the Government's case, vouched for the credibility of the Government's evidence, and shifted the burden to the defense. Specifically, Defendant argues that the following statements the prosecutor made during his closing were improper: (1) "He doesn't know he is being recorded," (2) the statements regarding Defendant's lack of shock and denial on the videotape, (3) the statements regarding fingerprinting in the television show CSI versus Muskogee, Oklahoma, and (4) the statements that the facts and the law were not in Defendant's favor and Deputy Gragg had nothing to gain by planting a firearm on Defendant.

Defendant argues that the following statements the prosecutor made during his rebuttal

were improper: (1) the repeated statements that facts and the law were not in Defendant's favor and Deputy Gragg would not risk his career by lying to the jury, (2) the statements urging the jury to decide whether Deputy Gragg's word is good enough, (3) the repeated statements about Defendant's lack of shock and denial on the videotape, (4) the statements regarding Defendant throwing up a "smoke screen" and "grasping at straws" by saying he just bought the car and Deputy Gragg "put that gun there," and (5) the statement that Defendant had as much right to collect fingerprints from the evidence as the Government.

"A motion for new trial is not regarded with favor and is only [granted] with great caution." United States v. Herrera, 481 F.3d 1266, 1269-70 (10th Cir. 2007). In determining the merits of Defendant's claim of prosecutorial misconduct, the court must decide: (1) whether the conduct was improper, and (2) whether the conduct, if improper, warrants reversal. United States v. Apperson, 441 F.3d 1162, 1207 (10th Cir. 2006). "The general focus of the second part of the test focuses on 'whether the prosecutor's conduct affected the fairness of the trial.'" Id.

1. "He doesn't know he is being recorded."

In discussing the videotape, the prosecutor stated, "He doesn't know he is being recorded." Defense counsel objected, and the court sustained the objection. No curative instruction was requested or given. As the Government notes, the Defendant mentioned this comment in his statement of facts, but did not discuss it in the argument section of his brief. While there was no evidence regarding whether Defendant was aware of the videotape, the prosecutor was arguing that given his demeanor, surely he was unaware. Even if this was improper argument, the court instructed the jury that the lawyers' arguments are not evidence. It is clear that this single statement did not affect the fairness of the trial.

### 2. Statements regarding the lack of shock and denial upon discovery of the gun

During the prosecutor's closing and again during his rebuttal, he noted the lack of shock, disbelief and denial shown on the video when the gun was discovered. Defendant did not object either time. Defendant now characterizes this as an argument to infer guilt because of pre-arrest silence. The prosecutor's statements were directed toward Defendant's demeanor rather than his silence. The prosecutor did not argue that Defendant failed to vehemently deny ownership of the gun to Deputy Gragg, as Defendant now argues. Instead, the prosecutor noted that when the gun was discovered, the Defendant, who was sitting in the patrol car alone and on videotape, had no reaction such as shock, disbelief or denial. The statements were not improper, nor did they deprive Defendant of a fair trial.

### 3. Statements regarding standards of proof in Muskogee, Oklahoma

During the trial, the defense complained about the lack of fingerprint evidence. In his closing, the prosecutor stated that in a perfect world, fingerprints would have been taken. Then he stated that this is not CSI, but Muskogee, Oklahoma. Defendant did not object. This certainly was not ideal, but the court finds no cause to reverse the verdict based upon this argument, as it did not affect the fairness of the trial. The court instructed the jury repeatedly on the applicable burden of proof.

### 4. Statements regarding facts, law and Deputy Gragg's motivations

During the closing and again during rebuttal, the prosecutor stated that the facts and the law were not in Defendant's favor, so Defendant was doing the only thing he could – point to the cop. He also stated that Deputy Gragg had nothing to gain by planting a firearm, by lying to the jury, or by placing his career and freedom in jeopardy. Defendant objected both times. The court

overruled the objections. The court does not agree with Defendant that the prosecutor expressed a personal opinion. Nevertheless, even if the arguments were improper, they did not affect the fairness of the trial, and thus do not warrant reversal. Again, the court notes that it instructed the jury repeatedly on the applicable burden of proof and also instructed the jury that the lawyers' arguments are not evidence.

    5. Statements regarding Deputy Gragg's word

    During his rebuttal, the prosecutor stated: "Well, where I come from a person's word is what he lives by and he gave you his word. Now you have to judge whether that word is good enough." The defense objected. The court sustained the objection and admonished the jury not to consider that statement "bolstering the credibility of the witness." The curative instruction negated any effect the statement might have had. Therefore, it does not warrant reversal.

    6. Statements regarding a smoke screen

    The prosecutor used the terms "smoke screen" and "grasping at straws" in reference to the defendant having just bought the car and Deputy Gragg putting "that gun there." The defense objected. The court overruled the objection. This not improper argument. Moreover, the court instructed the jury that the lawyers' arguments are not evidence.

    7. Statements shifting the burden of proof

    Finally, during his rebuttal, the prosecutor stated: "Fingerprints. The defendant has as much right to research that evidence as – as much right to it as the government does." The defense objected, and the court sustained the objection. The court then admonished the jury to read its instructions as to the burden and also reminded the jury that the Defendant does not have to prove his innocence. While the statement was improper, the curative instruction negated any

4

effect the statement might have had.  Accordingly, it does not warrant reversal.

CONCLUSION

The court notes that many of the statements objected to by Defendant were in response to Defendant's own arguments, such as those denigrating Deputy Gragg's truthfulness and complaining of the lack of fingerprints.  The Supreme Court has stated, "counsel on both sides of the table share a duty to confine arguments to the jury within proper bounds." United States v. Young, 470 U.S. 1, 8 (1985).

For the reasons stated herein and in the Government's response brief, the court finds that none of the statements objected to by Defendant standing alone or cumulatively warrant reversal of the jury verdict in this case.  The motion for a new trial [Docket No. 69] is DENIED.

It is so ORDERED this 17th day of April, 2013.


**Dated this 17th day of April, 2013.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma